No. 14-1642
_____

Richard M. Smith; Donna Smith; Doug Schrieber; Susan Schrieber; Rodney A. Heise; Thomas J. Welsh; Jay Lake; Julie Lake; Kevin Brehmer; Ron Brinkman; Village of Pender

*Plaintiffs - Appellants*

State of Nebraska

*Intervenor Plaintiff - Appellant*

v.

Mitch Parker, In his official capacity as Chairman of the Omaha Tribal Council; Barry Webster, In his official capacity as Vice-Chairman of the Omaha Tribal Council; Amen Sheridan, In his official capacity as Treasurer of the Omaha Tribal Council; Rodney Morris, In his official capacity as Secretary of the Omaha Tribal Council; Orville Cayou, In his official capacity as Member of the Omaha Tribal Council; Eleanor Baxter, In her official capacity as Member of the Omaha Tribal Council; Ansley Griffin, In his official capacity as Member of the Omaha Tribal Council and as the Omaha Tribe's Director of Liquor Control

*Defendants - Appellees*

The United States

*Intervenor Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Before LOKEN, BEAM, and COLLOTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Appellants, the Village of Pender, Nebraska, and resident owners or agents of establishments in or near Pender engaged in the sale of alcoholic beverages, appeal the district court's[1] denial of Appellants' motion for summary judgment requesting declaratory and injunctive relief from the Omaha Tribe's attempt to enforce its liquor-license and tax scheme on them, and the court's corresponding grant of summary judgment in favor of the Omaha Tribe. The Omaha Tribal Court as well as the federal district court determined that Pender and the relevant areas involved in this action are located on Omaha tribal land. Appellants challenge the district court's determination that the Omaha Indian Reservation was not diminished by an 1882 act of Congress. We affirm.

In 2006, the Secretary of the Interior approved amendments to Title 8 of the Omaha Tribal Code, which modified the tribe's Beverage Control Ordinance and allowed the tribal government to impose a ten percent sales tax on the purchase of alcohol from any licensee on tribal land. The Omaha Tribe attempted to enforce this alcohol tax on the individual plaintiffs, resulting in this action. Appellants claimed that they were not located within the boundaries of the Omaha Indian Reservation and thus not subject to the tax.

___

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

As noted by the district court, the pivotal issue in this case is whether Congress intended to "diminish" the boundaries of the Omaha Indian Reservation in Nebraska when it enacted an 1882 Act that ratified an agreement for the sale of Omaha tribal lands to non-Indian settlers. If it did, the district court stated, "the area involved would no longer constitute Indian country, and the Omaha Tribe could not regulate and tax alcohol sales in Pender, Nebraska." We review de novo a grant of summary judgment. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

The extensive legislative history surrounding the 1882 Act is discussed by the district court. Most relevant to the required analysis–the touchstone, really–is language contained in the 1882 Act and the effect it had on the Omaha Indian Reservation, especially an area comprising approximately 50,000 acres that lie in the western portion of the reservation and include the land upon which the Village of Pender now sits. The Act of August 7, 1882, § 1, provided:

> That with the consent of the Omaha tribe of Indians, expressed in open council, the Secretary of the Interior be, and he hereby is, authorized to cause to be surveyed, if necessary, and sold, all that portion of their reservation in the State of Nebraska lying west of the right of way granted by said Indians to the Sioux City and Nebraska Railroad Company under the agreement of April nineteenth, eighteen hundred and eighty, approved by the Acting Secretary of the Interior, July twenty-seventh eighteen hundred and eighty. The said lands shall be appraised, in tracts of forty acres each, by three competent commissioners, one of whom shall be selected by the Omaha tribe of Indians, and the other two shall be appointed by the Secretary of the Interior.

Although not definitive, notably absent from this language is any explicit reference to "cession" combined with "sum certain" payment, both of which have been found "precisely suited to terminating reservation status." South Dakota v. Yankton Sioux

-3-

Tribe, 522 U.S. 329, 344 (1998) (internal quotation omitted). As noted by the parties, § 3 of the 1882 Act did not provide a sum certain to be paid to the Omaha Tribe but, rather,

> the proceeds of such sale, after paying all expenses incident to and necessary for carrying out the provisions of this act, including such clerk hire as the Secretary of the Interior may deem necessary, shall be placed to the credit of said Indians in the Treasury of the United States, and shall bear interest [at five percent annually], which income shall be annually expended for the benefit of said Indians, under the direction of the Secretary of the Interior.

The district court held that this language did not clearly evince Congress' intent to change boundaries of the Omaha Reservation, but rather "indicates that the United States intended to act as the Omaha Tribe's sales agent for purposes of surveying and auctioning its reservation land . . . with the proceeds held in trust in the United States Treasury for the benefit of members of the Omaha Tribe."

As the district court also highlighted, the historical facts in this action are undisputed and all are relevant to the instant analysis in varying degrees because in this case, while the touchstone of our determination is the congressional purpose expressed through relevant statutory language, we also consider the historical context surrounding the passage of the act(s) at issue, and, to a lesser extent, the subsequent treatment of the area in question and the pattern of settlement there. Yankton Sioux Tribe, 522 U.S. at 351.

Based on our de novo review, we discern that the district court has thoroughly, thoughtfully, and accurately considered the evidence in light of the guideposts provided by the Supreme Court as well as this court. These guideposts allow courts, sitting in judgment much later in time, a mechanism to most accurately discern the contemporaneous intent and understanding of the relevant parties as it pertained to

Appellate Case: 14-1642    Page: 4    Date Filed: 12/19/2014 Entry ID: 4227762

the relevant reservation land in question.  See id.; Hagen v. Utah, 510 U.S. 399, 421 (1994); Solem v. Bartlett, 465 U.S. 463, 470 (1984); Rosebud Sioux Tribe v. Kneip, 430 U.S. 584, 586-87 (1977).

Based upon the record evidence, the district court in this matter has done just that–accurately discerned the contemporaneous intent and understanding of the 1882 Act.  The court carefully reviewed the relevant legislative history, contemporary historical context, subsequent congressional and administrative references to the reservation, and demographic trends, and did so in such a fashion that any additional analysis would only be unnecessary surplus.  Ever mindful to "resolve any ambiguities in favor of the Indians," there is nothing in this case to overcome the "presumption in favor of the continued existence" of the Omaha Indian Reservation. Yankton Sioux Tribe, 522 U.S. at 344 (quotation omitted); Yankton Sioux Tribe v. Podhradsky, 606 F.3d 985, 991 (8th Cir. 2010) (quotation omitted).

The importance and impact that this determination has on the entire community of Pender and its residents is not lost on this court.  As Appellants point out, this is not a matter of mere historical curiosity or academic interest.  Yet, as we have stated throughout, the district court conducted the appropriate analysis and we agree.  Accordingly, we therefore affirm for the reasons stated by the district court in its well-reasoned opinion.  See 8th Cir. R. 47B.

_____

Appellate Case: 14-1642     Page: 5     Date Filed: 12/19/2014 Entry ID: 4227762